(Decided Nov'r. 12th, 1863.)

---

GEORGE S. GROSHON, Garnishee of McPHERSON & THOMAS, *vs.* ALLEN THOMAS.

A. T. on the 14th of Sept'r 1858, obtained judgment against McP. and T., upon which *fi. fa.* was issued the 4th of Nov'r 1858, and returned *nulla bona;* and thereupon an attachment by way of execution was issued the 15th of Nov'r, and on the 17th of Nov'r laid in the hands of G. S. G. Afterwards, B. T. J. filed in the attachment case his written claim of the rights and credits attached.    The garnishee pleaded *nulla bona,* upon which issue was joined.    At the trial of the cause the plaintiff offered in evidence a judgment obtained Oct'r the 19th, 1858, by McP. & T. against G. S. G., and relied on said judgment as *conclusively establishing* the indebtedness of the garnishee to the defendants, at the date of the rendition of the judgment.    The garnishee to show that the two notes upon which the judgment was recovered were not the property, &c., of McP. and T, but of B. T. J., offered to prove by a written agreement between B. T. J. and McP. and T., of Sept. 5th, 1857, and also by a competent witness, that said notes had been assigned to B. T. J., by endorsement in blank of McP. and T., and delivered to him, for valuable consideration, in June 1857, since which time he had held and still held them as assignee. HELD:

ESTOPPELS.—1st. That estoppels are mutual and cannot be insisted on by any one who is not himself bound thereby, and that the plaintiff in attachment, not being a party to the record offered in evidence, and not being

concluded by it himself, cannot rely upon it as a technical estoppel upon the garnishee.

2nd. That a judgment of a Court of competent jurisdiction when coming in- cidentally in question, or offered as evidence of title in any Court, is con- clusive upon the question decided and cannot be impeached on the ground of informality in the proceedings, or error or mistake of the Court, in the matter which has been adjudicated.

———: Evidence.—3rd. That where the judgment is introduced collaterally as evidence, the fact that some other person than the plaintiff in the judg- ment is beneficially entitled to claim the money for which it is rendered, by assignment made either before or after the judgment, is a distinct collate- ral fact, not inconsistent with the judgment, and may be shown by proof in the same manner as payment or satisfaction of the judgment.

Witness, Competency of.—An objection to the competency of a witness, on the ground of interest, should be made as soon as the disqualification appears.

Appeal from the Circuit Court for Frederick County:

This was a case of *attachment by way of execution*, issued from the Superior Court of Baltimore city, on a judgment obtained by the appellee against the firm of McPherson and Thomas in said Court, on the 14th of Sept. 1858, and made returnable to the Circuit Court for Frederick County,—*fieri facias* having been first issued on said judgment and re- turned *nulla bona*. On the 17th of November of the same year, the attachment was laid by the sheriff of Frederick County in the hands of George S. Groshon, the appellant, who was summoned as garnishee of McPherson and Thomas, and appeared by counsel. The plea filed by the garnishee alleged that the rights, credits and property attached, were not the rights, credits and property of McPherson and Thomas, but belonged to one Bradley T. Johnson, who claimed them as his property.

In further answer to the writ of attachment the garni- shee pleaded *nulla bona*, upon which issue was joined, and verdict and judgment of condemnation was rendered against the garnishee.

During the trial of the cause eleven exceptions were taken by the appellant. Of these, however, in consequence of the views expressed in the opinion of this Court, the

sixth, seventh, ninth, tenth and eleventh only are mate-
rial, and are in substance set forth in the opinion of the
Court.   To the several rulings of the Court below (NELSON,
J.) as stated in these exceptions, the defendants excepted,
and the verdict and judgment being for the plaintiff, ap-
pealed to this Court.

The cause was argued before BARTOL, GOLDSBOROUGH and
COCHRAN, J.

The arguments on both sides not relating to the five ex-
ceptions above designated, are omitted.

*A. B. Hagner*, for the appellant:

*Sixth Exception.* After the witness, McPherson, had been
admitted to testify in the trial without any objection on
the ground of competency, and had been cross-examined
by the plaintiff, and without any further evidence disclos-
ing his incompetency, the plaintiff objected to his evidence
as stated in this exception, upon the ground, "that the
witness was one of the defendants in the execution in this
case."

If McPherson could be considered a party to the record,
this fact would not disqualify him as a witness, provided
he had no disqualifying interest in the result of the suit.
*Lizardi vs. Cohen*, 3 *Gill*, 43.   *Foley, et al. vs. Mason, et
al.*, 6 *Md. Rep.*, 37.   Act 1715, ch. 40, sec. 4.   Act 1824,
ch. 74, sec. 2.   *Evans' Pr.*, 98, 99.

There was no attempt to show any such interest, and
the presumption is in favor of his competency, and it is in-
cumbent upon the party objecting to establish his interest.
1 *Greenlf. Ev.*, secs. 390, 425.

But however this may be, the plaintiff had waived all
objection to his competency upon this ground, with full
knowledge of the fact which he now interposes as a reason
for exclusion; and the authorities are clear, that the ob-
jection to a witness upon this ground, must be made as soon

as the disqualifying fact appears. 1 *Greenlf. Ev.*, *secs.* 421, 422. 1 *Starkie's Ev.*, 92, 93, 135, 137. *Andre vs. Bodman*, 13 *Md. Rep.*, 241. *Baugher's Exors. vs. Duphorn*, 9 *Gill*, 325. *Dent vs. Hancock*, 5 *Gill*, 120.

In fact, whatever interest the witness may have had, was rather in favor of the plaintiff's recovery, as that would have discharged the claim of the plaintiff against the firm to the extent of the recovery. At most his interest was balanced, and he was therefore not disqualified. 1 *Greenlf. Ev.*, *secs.* 391, 399, 420.

No objection was made here to the competency of the witness, nor the admissibility of the parole evidence as such. The only point taken seems to have been a technical one, as to the order in which the testimony was to be offered. We know of no rule of practice which supports the ruling of the Court on the point. On the contrary, the constant practice is to make an offer of testimony in this form.

*Ninth Exception.* The evidence rejected by the Court, was not offered to contradict or vary the terms of a writing in the sense in which parole testimony is considered inadmissible by the authorities. The defendant having distinctly proved that he was not indebted to McPherson and Thomas at the time the attachment was laid, or since that time, the plaintiff produced the record to show that the firm had recovered a judgment against the defendant at October term 1858. The defendant after showing that this judgment *had been entered for the use of Bradley T. Johnson*, proposed to prove by the nominal plaintiff that they had no manner of claim to the judgment. The evidence was simply a disclaimer of title by them, allowing the judgment to stand, according to the entry of the use. The parol evidence was *assisting* the record, instead of contradicting it. *Creamer vs. Stephenson*, 15 *Md. Rep.*, 207. 1 *Greenlf's Ev.*, *secs.* 302, 304.

Nor does the objection apply except in suits *between the parties* to the record. This is not a suit between McPher-

son and Thomas on the one hand, and Groshen on the other. 1 *Greenlf's Ev.*, sec. 279. 1 *Stark. Ev.*, 252, 253 and 254. 2 *Phil. Ev.*, 2, 4, 13, 17, 63, 126. *Traverse vs. Hutchins*, 2 *Cr.*, *C. C. R.*, 365.

The defendant was not attempting to deny that a judgment was recovered in the name of *McPherson & Thomas, vs. Groshon*, but merely proving that McPherson and Thomas had no actual interest in the case in which they were thus, *in invitum*, made nominal plaintiffs. *Greenlf's Ev.*, secs. 281, 282, 285, note 1. 6 *Wharton*, 79.

In such a case the want of interest could not be proved at all, unless by parole. Surely a witness could testify that he was not the owner of a parcel of land which was assessed to him and stood in his name on the land records, or that he had been paid the amount of a judgment in his favor, which stood open on the docket. In such case he does not impeach or deny the record, but merely disclaims all interest under the record. *Shepherd vs. Bevin*, 9 *Gill*, 36. 1 *Greenlf's Ev.* sec. 275. *Ricketts, et al., vs. Pendleton*, 14 *Md. Rep.*, 320.

*Tenth Exception.* This exception is taken to the granting by the Court of the plaintiff's prayer, that under the pleadings and evidence in the case the plaintiff was entitled to recover. That such a prayer is too general under the Act of 1825, ch. 117, is settled by repeated decisions of this Court. *Kent vs. Holliday*, 17 *Md. Rep.*, 387.

*Eleventh Exception.* We insist that the defendant's prayer, which is set forth in this exception; correctly embodied the law of the case under the pleadings, and that its rejection by the Court was error. Upon the whole case we ask for a reversal and *procedendo.*

*Thomas Donaldson* and *Grayson Eichelberger,* for the appellees:

*6th Bill of Exceptions.* The witness McPherson being one of the defendants in the execution in this case, was manifestly interested in the result; and, therefore, incompetent

to testify in his own favor. The witness was, at all events, liable for the costs, even if he had no other interest, and that was sufficient to disqualify him. *Lizardi vs. Cohen*, 3 *Gill*, 430. *Selby vs. Clayton*, 7 *Gill*, 242. *Owings vs. Emery, et al.*, 7 *Gill*, 407. *Foley & Woodside vs. Mason & Son*, 6 *Md. Rep.*, 37.

Nor was the objection to the competency of McPherson as a witness taken too late. It was not necessary to make that objection so long as illegal questions were put to or improper evidence was sought to be drawn from him. The illegality of the evidence was then a sufficient objection, but when a legal and competent question was put, then, for the first time, was it the duty of the appellee to raise the question of McPherson's competency to testify as a witness in the case. The cases in which the Court has decided that the objection to the competency of the witness came too late, were cases in which the objecting party being aware of the interest and disqualification of the witness, still permitted him to testify, and only after he found that the testimony was against him, made the objection to the competency of the witness. *Baugher's Exrs. vs. Duphorn*, 9 *Gill*, 325. 1 *Starkie's Ev.*, 125.

*7th Bill of Exceptions.* The proposition presented by the appellant's 7th exception, cannot, in our judgment, be sustained. It is a conditional offer of the record in the case of a judgment of *McPherson and Thomas vs. Groshon*, dependant upon the further admission of parole testimony of a witness already decided by the Court to be an incompetent witness, to impeach and contradict the record. To the admission of the record the appellee made no objection, but to the parole evidence, with which it was sought to usher the record in. The appellee submits, that the evidence was properly excluded: 1st. Because the witness had already been decided to be incompetent to testify in the case, because of his interest;• and further, because the judgment was that of a Court of competent jurisdiction, and Goshon was estopped from contradicting or impeach-

Groshon, garnishee of McPherson & Thomas *vs.* Thomas.

ing it.   All the parties to it were alike, concluded by it
from denying any point determined by the Court in ren-
dering the judgment.   The very point and fact decided by
the rendition of the judgment was, that Geo. S. Groshon,
on the day of its rendition, owed McPherson and Thomas
the sum of money therein specified.   This all the parties
to it were estopped from denying, when the judgment was
brought up collaterally in another case.   *Powles vs. Dil-*
*ley*, 9 *Gill*, 241.   *Ranoul vs. Griffie*, 3 *Md. Rep.*, 54.

*9th Bill of Exceptions.* The question presented by this
exception is, whether, after the offer by the appellee of the
record of the judgment before referred to, it was competent
for the appellant to contradict or impeach that record.
The evidence offered was not in aid of the record, but to
contradict it, by showing that the appellant did not owe
McPherson and Thomas any money on the 19th day of Oc-
tober 1858, whilst the record shows most conclusively that
he did.   This point, we submit, is decided by the authori-
ties referred to under the 7th exception.   *State, use of*
*Sprigg vs. Jones, et al.*, 8 *Md. Rep.*, 88.

*10th Bill of Exceptions.* The appellee having shown to
the jury by the record of the judgment of *McPherson and*
*Thomas vs. Groshon*, which the jury could not reject or dis-
credit, that the appellant was, on the 19th day of October
1858, indebted to McPherson and Thomas in the sum for
which the judgment in this case was rendered, and no evi-
dence at all having been, (as we submit none could be) in-
troduced to contradict that record evidence, the appellee
prayed the Court to instruct the jury, and the Court ac-
cordingly instructed the jury that the appellee under the
pleadings and evidence was entitled to a verdict for the
amount of said judgment.   In the absence of all evidence
for the appellant, we submit that the instruction was
merely a guide by which the jury were to determine or fix
the sum which the appellant was entitled to recover under
the pleadings and evidence, and was, therefore, correct.

*11th Bill of Exception.* We submit that the appellant's

prayer was properly rejected, as it was only calculated to confuse and mislead the jury. Should, however, the Court consider the appellee's prayer in the 10th bill of exception, liable to objection, because of generality in its structure, and should the Court also think that the appellant's prayer in the 11th exception ought to have been granted, still we submit that the judgment should not be reversed, if the Court agrees with us upon the other points in the case; and more especially as to the conclusiveness of the record in the case of *McPherson & Thomas vs. Geo. S. Groshon;* for in that event the appellant could not be benefited by a reversal and procedendo, and the Court, we apprehend, will not reverse a judgment and send a case back where no benefit is received by the party. For these reasons we respectfully submit, that the judgment should be affirmed.

BARTOL, J., delivered the opinion of this Court:

The appellee recovered a judgment in the Superior Court of Baltimore City, on the 14th day of September 1858, against McPherson and Thomas, and having caused *fieri facias* thereon to be issued to the sheriff of Baltimore City, which was duly returned *"nulla bona,"* thereupon sued out a writ of attachment, by way of execution, directed to the sheriff of Frederick County, which on the 17th day of November 1858, was laid in the hands of the appellant Groshon, who was summoned as garnishee of McPherson and Thomas. On the return of the attachment, the garnishee appeared by counsel, who interposed a claim and plea, alleging that the rights and credits attached in the hands of Groshon, were not the rights and credits of McPherson and Thomas, but were the rights and credits of Bradley T. Johnson who claimed the same as belonging to him.

Afterwards the garnishee being required by the Court to answer the writ of attachment pleaded *nulla bona,* upon which issue was joined, and verdict and judgment of condemnation was rendered against the garnishee.

In the course of the trial eleven bills of exception were

31    v. 20.

taken by the appellant, all of which have been fully argued in this Court, (except the eighth, which was abandoned.) In disposing of this appeal however, it will not be necessary for this Court to pass upon all the exceptions *seriatim* as they are presented. Several of them were taken to the refusal of the Court to allow parol testimony to be given of facts evidenced by written papers. But inasmuch as the written papers were afterwards produced during the trial, and are embodied in subsequent bills of exception, it is not material to decide whether the parol evidence offered in the 1st, 2nd, 3rd and 4th bills of exception was or was not properly rejected. Nor is it necessary to express any opinion upon the question presented by the 5th bill of exceptions as the evidence therein contained, to the rejection of which that exception was taken, was afterwards introduced.

The sixth exception was taken to the exclusion of the testimony of John H. T. McPherson, on the ground of incompetency by reason of interest, he being one of the defendants in the attachment. In arguing this exception two questions have been presented, first, whether the witness was competent; and second, whether conceding him to be incompetent, the objection had not been waived; on the first of these questions it is unnecessary to express any opinion, because it is clear that in this case the objection to the competency of the witness was not made in time. He had been sworn and his testimony offered in the first four bills of exception, without any objection to his competency, the plaintiff contenting himself with making objection to the testimony offered on other grounds, but stating in the very words of the exception that the witness was "competent." The authorities are clear and explicit in declaring that such objection must be made, as soon as the disqualification appears. *Dent vs. Hancock,* 5 *Gill,* 120, 127. *Baugher's Ex'rs vs. Duphon, et al.,* 9 *Gill,* 325. *Andre vs. Bodman,* 13 *Md. Rep.,* 241. 1 *Greenlf's Ev.,*

*secs.* 421, 422. We think, therefore, there was error in the ruling of the Circuit Court in the sixth exception.

The main question, however, which underlies the whole case, and upon the decision of which its determination depends, is presented in the 9th, 10th and 11th bills of exception. This question is the operation and effect of the judgment offered in evidence by the appellee, which is relied on by him as conclusive to establish the indebtedness of Groshon to McPherson and Thomas at the time the attachment was laid; and as sufficient to exclude all testimony offered by the appellant, either oral or in writing, to show that any other person except the plaintiff, in the record, in whose favor that judgment was rendered, was entitled to claim the fund due thereon. In order to understand how this question arises, we shall advert to the facts as disclosed at the trial.

To maintain the issue on the part of the plaintiffs below, evidence was given that the garnishee had admitted after the service of the attachment, that he had been indebted to McPherson and Thomas in the sum of $7000, for which he had executed and delivered his several promissory notes; that part of the notes to the amount of $3700, had been assigned by McPherson and Thomas to Dr. Tyler, and that the remainder of said notes to the amount of $3300 went to McPherson and Thomas, and were, he believed, the notes now claimed by Mr. Johnson, and that it was one or two of the last mentioned notes which were in controversy in this cause. The plaintiff also gave in evidence the papers and docket entries in a suit instituted in the Circuit Court of Frederick County, by McPherson and Thomas against George S. Groshon; the suit was instituted on the 5th day of February 1858, upon two promissory notes, each dated the 26th of May 1857, one for $300 at four months, and the other for $1000 at eight months, and the judgment thereon rendered on the 19th of October 1858, in favor of McPherson and Thomas, and was afterwards, on the 12th of February 1859, entered by order of the plaintiffs' attor-

ney, for the use of Bradley T. Johnson; and for the amount of that judgment as of the rights and credits of McPherson and Thomas in the hands of Groshon, the plaintiff in this case sought and obtained a judgment of condemnation.

The garnishee to show that the two notes upon which the suit had been brought and judgment recovered against Groshon, were not the property, rights and credits of McPherson and Thomas, but really belonged to Bradley T. Johnson, offered in evidence a written agreement made between McPherson and Thomas and Johnson, on the 5th day of September 1857, wherein it is recited, that Johnson then held and had held since the 27th day of May 1857, those notes as assignee thereof, to indemnify himself and other creditors for payments and suretyship on account of the firm of McPherson and Thomas, and for other uses and purposes declared in the agreement; and also offered to prove by a competent witness, "that the notes set forth in the eighth bill of exceptions and upon which the judgment set forth in said bill of exceptions was passed and rendered, had been passed by endorsement in blank in the proper hand writing of the said firm of McPherson and Thomas, and by them delivered over to Bradley T. Johnson in the month of June 1857, for a valuable consideration, and for the purposes declared in the memorandum of agreement, set forth in the eighth bill of exception; that said endorsements clearly appear upon the back of said notes though crossed out with pen and ink; that such erasure was without the knowledge of said firm; that said firm had no claim to or property in said notes or either of them from June 1857 to the present time, and that the same always continued in the possession of the said Bradley T. Johnson, and they never claimed title or property in or to the said judgment rendered thereon as aforesaid; and that the contract made between the said Johnson and the said McPherson and Thomas in June 1857, and which is further evidenced by the memorandum aforesaid, remained and continued unchanged and unim-

paired between the said parties to the present date, no other arrangement having been made between the said McPherson and Thomas, and the said Johnson at any time subsequent to June 1857." This testimony was objected to and excluded by the Circuit Court.

It has been contended by the appellee, in the argument, that this evidence, on the part of the appellants, was altogether inadmissible for the purpose stated. That the judgment rendered on the 19th day of October 1858, is absolutely conclusive to establish the indebtedness of the garnishee (who was the defendant therein) to McPherson and Thomas, who were the plaintiffs on the record, and that no evidence can be received to impeach or contradict the same, and in support of this view two grounds are taken: 1st, that Groshon is estopped by the judgment from denying his debt to McPherson and Thomas thereby established; and 2nd, because the judgment being rendered by a Court of competent jurisdiction imports absolute verity, and cannot be contradicted or impeached by evidence *aliunde.*

In *Powles vs. Dilley,* 9 *Gill,* 241, and in *Ranoul vs. Griffie,* 3 *Md. Rep.,* 54, the general principle is recognized "that a judgment of a Court of competent jurisdiction, when coming incidently in question or offered as evidence of title in any Court, is conclusive upon the question decided, and cannot be impeached on the ground of informality in the proceedings, or error or mistake of the Court, in the matter which has been adjudicated." In the language of *Lord Coke,* (1 *Inst.,* 260 *a.*) "The rolls being the records or memorials of the judges of the Courts of record, import in them such incontrollable credit and verity, as they admit no averment, plea or process to the contrary."

The question here is, whether the evidence offered is inadmissible under the rule first stated, as tending to impeach or contradict a fact which is conclusively established by the record. If so, it must be either because Groshon being a party to that judgment is thereby estopped from sitting up the fact he is attempting to prove; or, because

the fact in question is finally and conclusively established by the record, and cannot be brought into question.

1st. There is no estoppel in the case: estoppels are mutual and cannot be insisted on by any one who is not himself bound thereby.    (See 1 *Greenlf's Ev.*, secs. 524, 528.) Here the appellee was not a party to the record offered in evidence, and not being concluded by it himself, cannot rely upon it as a technical estoppel upon the appellant.

2nd. Is the fact sought to be proved conclusively established by the record ?   The particular fact in issue before the jury was, to whom did the money for which the judgment was recovered, actually belong at the time the attachment was laid, or who was beneficially entitled thereto.  How is this fact conclusively established by the record, or how is it any impeachment of the record to offer proof of this distinct collateral fact, not contradicting, but entirely consistent with, the judgment?   The defendant could not deny the debt as established by the judgment, and in a proceeding at law on the judgment, as between himself and McPherson and Thomas, he would be estopped from denying their legal right to enforce its payment.  But that is not inconsistent with the allegation now made in this case, where the judgment is introduced collaterally as evidence that some other person claiming under McPherson and Thomas, by assignment made either before or after the judgment, is beneficially entitled to claim the money.   As we have said, this is a distinct collateral fact consistent with the judgment.    Let us test this by the case before us: The payees of a promissory note bring an action thereon against the drawer, there being no endorsement on the note showing that any other person is legally entitled to it; or the endorsement being erased, the defendant confessed judgment thereon.   It afterwards appears that by a contract or assignment made between the plaintiffs and a third person, who is not a party to the record, that the equitable or beneficial right to the money secured by the note is in such third person.   There is nothing either in reason or

in law to preclude such third person from establishing the fact of the assignment. It is entirely consistent with the judgment, and may be shewn by proof, in the same manner as payment or satisfaction of the payment may be proved.

The rights of *cestuis que trust,* claiming the beneficial title to judgments, have been often recognized and protected in Courts of law.

See *Green vs. Johnson,* 3 *G. & J.,* 393. *Owings & Piet vs, Law,* 5 *G. & J.,* 145. *Wallis, et al. vs. Dilley, et al.,* 7 *Md. Rep.,* 250. *Shriner vs. Lamborn, use of Smith,* 12 *Md. Rep.,* 175.

It follows from what has been said, that in the opinion of this Court, the evidence offered by the appellant in the ninth bill of exceptions ought to have been admitted, and that the Circuit Court erred in giving to the jury the instruction contained in the 10th bill of exception.

The record of the judgment did not preclude the appellant from showing by competent evidence, that the money due thereon in fact belonged to some other person than the plaintiffs named in the record, claiming under them by assignment.

That question ought to have been submitted to the jury upon the evidence, and to that end it would be proper to grant the instruction asked for by the appellant in the 11th bill of exception.

*Judgment reversed, and procedendo awarded.*

(Decided Oct. 30th, 1863.)