THE CITIZENS FIRE, MARINE AND LIFE INSURANCE COMPANY, of Wheeling, Va., *vs.* S. T. WALLIS and JOHN H. THOMAS, Garnishees of GITTINGS, ALLNUTT & Co.

STAT. 13 ELIZ., CH. 5: FRAUDULENT CONSEQUENCE.—To be free from the imputation of fraud, under the Statute of Elizabeth, deeds of trust for the benefit of creditors, made by the members of a partnership, must, on their face, convey all the property of the debtors, as well their individual estate as their partnership effects.

VOLUNTARY JUDGMENT: EXTRINSIC EVIDENCE: ESTOPPEL: RELEASING CREDITOR UNDER A VOID DEED.—A judgment was confessed by the members of a firm in favor of H., and simultaneously entered for the use of certain parties, creditors of the firm. H. was not personally and in his own right a creditor of the firm, but was the agent and attorney, duly authorized, of the parties for whose use his suit was entered; and for their use and benefit only, he sued and recovered judgment, and upon the judgment issued an attachment, and caused the same to be laid in the hands of the trustees, under a deed of trust made by the members of said firm for the benefit of their creditors. The persons for whose use the judgment was entered, were creditors of the grantor prior to the execution of the deed, and had executed releases of their claims in conformity with the deed, and it was for the claims so released that the judgment was rendered and the attachment issued. On a subsequent attachment, issued by certain non-releasing creditors, based on the invalidity of the deed, and laid in the hands of the same garnishees—HELD:

1st. That no valid objection could be made to the judgment in favor of H., on the ground that it was voluntarily confessed, and secured to the creditors in whose favor it was rendered, a preference over the subsequent attaching creditor and other creditors.

2nd. That it was admissible to show by proof, *aliunde,* that the debts which formed the consideration of the judgment in favor of H., were due to other parties, and that it was recovered for their use and benefit.

3rd. That the plaintiff in the second attachment, who was claiming against the deed of trust, and asserting it to be void, could not hold the releasing creditors bound by the deed as an estoppel, so as to defeat the attachment issued upon their judgment.

4th. That the said deed being void upon its face, it was not to be treated as valid and binding until it was declared void by a competent Court.

5th. That being so void, no title passed under it to the grantees, but the property remained in the grantors.

6th. That the deed being void, the releases must fall with it. The consideration upon which they were executed having wholly failed, they were inoperative, and the debts remained due at the time the judgment was rendered.

APPEAL from the Superior Court of Baltimore city.

An *attachment on judgment* was issued by the appellant on the 3rd of May 1860, to affect the rights and credits of Gittings, Allnutt & Co., which, on the 4th of May 1860, was laid in the hands of Wallis and Thomas, as garnishees, who appeared and plead *nulla bona;* on which issue was joined, and the case was submitted to the Court upon an agreed statement of facts, the material parts of which are as follows:

By a deed of trust, dated the 15th of November 1856, the firm of Gittings, Allnutt & Co., composed of James Gittings and George R. W. Allnutt, conveyed *to* Wallis and Thomas "all the stock in trade, debts, sum or sums of money, books of account, claims, securities, bills receivable, assets, effects and property of every kind whatsoever, wheresoever situated, due, owing or being, of the said firm of Gittings, Allnutt & Co.," in trust to sell, and out of the proceeds to pay certain preferred creditors in full, and then, after payment of such preferred debts, in trust for the benefit of, "and to pay and satisfy, *pari passu,* all such creditors of Gittings, Allnutt & Co., without priority or preference, as shall, on or before the 1st of February 1857, agree to accept such dividend or dividends as they may receive and severally obtain, under this deed, in full satisfaction of their respective claims, and execute a full and sufficient release under seal therefor, to said Gittings, Allnutt & Co., the amounts in full, or *pro rata,* as the case may be, of their respective lawful and just claims, and after payment or satisfaction of the whole of said creditors aforenamed, described and provided for, whether preferred or agreeing to release as aforesaid, then in trust to pay and satisfy the remaining debts or liabilities of said firm in full or *pro rata,* as the same may suffice."

In January 1857, a number of creditors (seventeen in all) executed releases under seal, in accordance with the terms of the deed. By these releases, the creditors assented to the terms of the deed, and agreed "to accept such dividend

or dividends as we may receive and severally obtain under such deed, in full satisfaction of our respective claims against the said firm. And in consideration of the premises, we do hereby severally release, acquit and forever discharge James Gittings and George R. W. Allnutt, and their and each of their representatives, and the said firm of Gittings, Allnutt & Co., of and from all and every our respective claims and demands whatsoever aforesaid, already existing and here-after to accrue.''

It was agreed that these parties were, at the time of exe-cuting these releases, creditors of the said firm to the amount of $40,000 and upwards, of which they have never been paid, or received any part, either under the deed of trust or any other source, and that said releases were executed upon consideration of the deed of trust, and in contemplation of the benefit to be derived thereunder, and for no other con-sideration whatever.

On the 9th of February 1858, a judgment was confessed by Gittings, Allnutt & Co., for $8,000, without stay of execution, in favor of F. K. Howard, for the use and bene-fit of the creditors who had so released, and on this judg-ment an attachment was issued, and the same day (9th of February 1858) laid in the hands of the garnishees in this case. It was agreed that Howard was not personally and in his own right a creditor of Gittings and Allnutt, but was the agent and attorney, duly authorized, of the parties for whose use his suit was entered, and that he sued and re-covered judgment, and issued his attachment for the use and benefit of the said parties only, his name being used for convenience, and that the moneys for the recovery of which Mr. Howard's suit was instituted and the judgment in his favor rendered, and which it was the purpose of the said suit and confessed judgment and attachment to secure, were the same debts due by Gittings and Allnutt to said parties prior to and at the time of the execution of said re-leases, and that they are the only creditors who executed releases, or, with reference to the deed of trust aforesaid,

who have not received their *pro rata* shares under said deed.

The judgment on which the appellant's attachment was issued, was recovered on the 25th of February 1859, for $2,500, subsequently to the attachment on the judgment for the use of the other creditors, but the suit had been commenced on the 8th of January 1858.

It was agreed that the garnishees had in their hands moneys more than sufficient to cover the appellant's judgment, received by them as trustees acting under said deed of trust, but not sufficient to cover the judgment in favor of Howard, for the use of the other creditors.

The Court below (MARTIN, J.,) rendered judgment in favor of the garnishees for costs, from which judgment the plaintiff appealed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*Thos. S. Alexander, Geo. W. Dobbin* and *A. F. Musselman*, for appellant:

The obstacles in the way of the recovery by the plaintiff are two: 1st, the deed of trust of 1856; and 2nd, the Howard suit, judgment and attachment laid in the hands of the garnishees.

I. A plaintiff in attachment may attack a deed of trust. *American Ex. Bank vs. Inloes*, 7 *Md. Rep.*, 386. *Keighler vs. Ward*, 8 *Md. Rep.*, 254. The deed of November 1856, is void, because Gittings and Allnutt thereby convey only partnership property. *Barnitz vs. Rice*, 14 *Md. Rep.*, 24. *Rosenberg vs. Moore*, 11 *Md. Rep.*, 376. *Bridges & Woods vs. Hindes, et al.*, 16 *Md. Rep.*, 101.

II. Where successive judgment creditors claim liens on the same property, a junior creditor may impeach the judgment of an elder lien creditor, as it is not conclusive, but may be examined into for fraud, want of consideration, payment, &c. *Hauer's Appeal*, 5 *Watts & Serg.*, 475. *Proc-*

*tor vs. Johnson*, 2 *Salk.*, 600. *Webster vs. Reid*, 11 *How.*, 437. *Thomas vs. Doub*, 8 *Gill*, 1. 13 *Eliz.*, ch. 5, in *Roberts on Fraud. Con.*

In relation to Howard's action, the confessed judgment and attachment thereon, there are two contradictory statements of fact: one, in Mr. Howard's nar., pleadings filed, and docket entries in that suit, in his own name and right; and the other, in the agreed statement of facts filed in the cause, wherein it is alleged that Mr. Howard sued as agent for the *cestuis que use* of his said judgment. It is respectfully submitted that said Howard's action, judgment confessed, and all the proceedings thereon, are fictitious, fraudulent and void as against this appellant, under well established principles, in connection with the Statute of 13th Elizabeth, ch. 5, which applies expressly to all suits, actions and judgments, notwithstanding any entry of use, or any other device whatsoever. The nar. filed by Mr. Howard being wholly fictitious and cut down by said statute as against this plaintiff, the judgment confessed and attachment thereon can be in no better situation than the nar., the whole being destitute of valuable consideration. If cut down by the statute, can said judgment of record be rendered valid and operative against this plaintiff by parol? It is thought not. In *Harris vs. Alcock*, 10 *G. & J.*, 248, this Court say: "You cannot offer evidence to add to or contradict a deed, much less can you do so in relation to a record, which is of much greater solemnity." See, also, *Proctor vs. Johnson*, 2 *Salk.*, 600. 5 *La. Rep.*, 18, &c. 4 *La. Rep.*, 416. No cause of action was merged by the confessed judgment of Howard. He had no cause of action in his own right, and no others were set out or declared upon in the nar., and *non constat*, that other creditors might not yet sue on their claims. If Mr. Howard took nothing by the judgment, the *cestuis que use* took nothing by the assignment. Had action been properly brought in the name of any one of the creditors of Gittings and Allnutt, for the use of himself and other creditors, on the note of Gittings, Allnutt & Co.,

the decision in *Harris vs. Alcock* would have sustained the judgment confessed. The plaintiff's cause of action is merged in its judgment. As to it, want of an actual debt due to Howard, as a foundation for his judgment, is an incurable vice. *Hauer's Appeal*, 5 *Watts & Serg.*, 475.

1st. In a suit by creditors impeaching the consideration of a deed for fraud, and success in the overthrow or disproof of the entire expressed consideration, the grantee cannot offer evidence of any different consideration. *Betts vs. Union Bank*, 1 *H. & G.*, 175, &c. Otherwise, in case of only partial success in the impeachment of the consideration of the deed. *Cole vs. Albers*, 1 *Gill*, 422, 423.

In a suit by creditors impeaching the consideration of a judgment for fraud, and success in disproof of the entire consideration, the grantees and those claiming under them are estopped by the record of judgment, and bound by it, and cannot set up any other or different consideration. *Proctor vs. Johnson*, 2 *Salk.*, 600. But in case of the overthrow or disproof of only part of the expressed consideration, the defendant in the judgment, if confessed upon a note, may offer in evidence the real consideration to explain the words "value received," and to rebut the charge of fraud. In the case at bar, no note appears. *Harris vs. Alcock*, 10 *G. & J.*, 248.

As regards the question of impeachment of expressed considerations of judgments and deeds, for fraud, by strangers, *Harris vs. Alcock* is analogous to *Cole vs. Albers*, and *Proctor vs. Johnson* is analogous to *Betts vs. Union Bank*. The case at bar is analogous to the two latter cases, and governed by them.

A deed rendered inoperative and void by disproof of the whole expressed consideration by creditors, cannot be set up or restored by parol evidence of different consideration. *Cole vs. Albers*, 1 *Gill*, 422, 423. Surely this doctrine applies to judgments impeached by creditors. If Mr. Howard cannot offer evidence of a different consideration moving from himself, much less can he offer parol evidence

of a different consideration moving from other persons, real creditors of Gittings and Allnutt. He is estopped by the record of judgment, and bound by it. *Proctor vs. Johnson*, 2 *Salk.*, 600. *Denton vs. Erwin*, 5 *La. Rep.*, 18, &c.

2nd. The record of the Howard action, judgment confessed and attachment thereon, stands upon higher grounds than deeds. Records of a Court of Justice are conclusively presumed to be true, and parties are not permitted to deny them. This presumption has reference to the quantity of evidence, and not to its admissibility. 1 *Greenleaf on Ev.*, secs. 15, 19, 22 and 32, gives rules and reasons. 2 *Stephens' N. P.*, 1554, asserts: "that the averments of a record are true, is an irrefragable proposition, against which, every other species of evidence, being inferior and subordinate to this, must contend in vain." *Buller's N. P.*, 221, asserts: that "the records of a Court are authentic beyond all manner of contradiction, for there can be no greater demonstration in a Court of record than to appeal to its own transactions." A record of a Court is of much more solemnity than a deed. *Harris vs. Alcock*, 10 *G. & J.*, 248.

It is asserted in the records of the Howard action and judgment, that Howard is a creditor of Gittings & Allnutt, in his own right, but admitted in the agreed statement of facts, that Howard's name was only used for convenience. A Court will vindicate the purity and truth of its own records, and not permit them to be converted into pages of fiction and romance, to the loss, injury and damage of innocent strangers. *Denton vs. Erwin*, 5 *La. Rep.*, 18, &c. *Gridley vs. Conner*, 4 *La. Rep.*, 416.

An action upon any contract whatsoever, must, in a Court of Law, be brought in the name of the party having the legal interest in such contract. *Chitty on Pl.*, 2 and 3.

A party to a bill of sale, or a mortgage, cannot in controversy with strangers, impeach or contradict the face and character of the bill of sale or mortgage. *Henderson vs. Mayhew*, 2 *Gill*, 393. *Alderson vs. Ames & Day*, 6 *Md. Rep.*, 52. *A fortiori*, such party could not impeach his

own judgment, and its character, apparent upon the face of it.

3rd. That the parties for whose use this Howard judgment was entered, were not, at the time of the rendition of that judgment, creditors of Gittings & Allnutt. They had released their claims, and consequently could not, at the moment of commencement of Howard's suit, or at the date of the judgment, have prosecuted actions in their own names against Gittings or Allnutt. They cannot therefore sustain such recovery through the intervention of a third party.

It may be said that the releases were given in consideration of the priority secured to them by the deed of trust, and that when the deed fails, the consideration for the releases must fail. One answer to this argument is, that the deed proposes to place on the same footing of priority, over all other creditors, those who should execute similar releases; and no one party who claims under that deed, can, whilst he insists on the benefit of that deed, be permitted to institute any proceeding which negatives the validity of the deed, and affects to place that party in a better position, with reference to other parties claiming under said deed, than is secured to him by the deed itself. *Moale vs. Buchanan*, 11 G. & J., 314.

*S. T. Wallace* and *O. Miller*, for the appellees :

This deed was executed, as its date shows, prior to the recent decisions of this Court, of *Malcolm vs. Hodges*, 8 Md. Rep., 427; *Rosenberg vs. Moore*, 11 Md. Rep., 376, and *Barnitz vs. Rice*, 14 Md. Rep., 24. And in order for the appellants to have any standing in Court, it must be assumed that the deed is void under these decisions; for if the deed is good, there can be no question that the plea of *nulla bona*, is a full answer to the attachment of the appellant. It is absolutely necessary therefore, to the appellant's case, that the deed be void, and inasmuch as Howard's judgment was prior in date to that of the appellant, and

the attachment thereon, was laid in the hands of the garnishees more than a year before that under the judgment in favor of the appellant, it is further necessary that this judgment should be successfully assailed in this case. *Green & Trammell vs. Trieber* 3 *Md. Rep.*, 35. *Thomas vs. Jenks*, 5 *Rawle.*, 221. *Hennessy vs. Western Bank*, 6 *Watts & Sergt.*, 304. *Maennel vs. Murdoch*, 13 *Md. Rep.*, 164. *Farnum & Aspinwall vs. Thruston*, 17 *Md. Rep.*, 489.

The appellees will insist:

1st. That the judgment in favor of Howard is a valid judgment, rendered by a Court of competent jurisdiction over the parties and the subject, and cannot be successfully impeached in this case by the appellant. *King vs. Hampreston*, 5 *T. R.*, 205. *Groshon, Gar. vs. Thomas*, 20 *Md. Rep.*, 234. *Harris & Chaney vs. Alcock*, 10 *G. & J.*, 246. 5 *Watts & Sergt.*, 473, *Hauer's Appeal.*

2nd. That if the deed of trust is void, then it is void as to the releasing creditors as well as others, as they are not estopped by the mere fact of executing these releases, from setting up their claim as creditors, or even from attaching the deed itself. *Peters vs. Cunningham*, 10 *Md. Rep.*, 558. *Vose vs. Holcomb*, 31 *Maine*, 407. *Webber vs. Samuel*, 7 *Barr.*, 514. *Hone vs. Henriquez*, 13 *Wend.*, 240. *Gibson vs. Finley*, 4 *Md. Ch. Dec.*, 79. *Bridges & Woods vs. Hindes & Davis*, 16 *Md. Rep.*, 104. *New Orleans vs. U. S.*, 10 *Peters*, 662, (12 *Curtis*, 293, 296.)

3rd. If the deed is void, the consideration for the release failed. *Kelsey vs. Hobby*, 16 *Pet.*, 278. *Vose vs. Holcomb*, 31 *Maine*, 407. Gittings, Allnut & Co., at all events, had the right to waive it, and their promise founded upon the moral consideration of the unpaid debt, was sufficient, notwithstanding the release, to support the promise, and certainly was sufficient to sustain the judgment founded on it. *Stevenson vs. Reigart*, 1 *Gill*, 26. *Ellicott vs. Peterson*, 4 *Md. Rep.*, 492. *Wilson vs. Russell*, 13 *Md. Rep.*, 528.

4th. We are willing to stand to our assertion, that the deed was good, if the appellants are held bound by it too. This case must be decided upon the theory applicable to both parties that the deed was good or bad. It cannot be held good, for the purpose of defeating our attachment, and bad, for the purpose of effecting that of the appellants. Estoppels must be mutually binding. *Alexander vs. Walter*, 8 *Gill*, 248. *Gibson vs. Finley*, 4 *Md. Ch. Dec.*, 75. *Howard vs. Carpenter*, 11 *Md. Rep.*, 279.

BARTOL, J., delivered the opinion of this Court:

This appeal was taken from the judgment of the Superior Court, rendered upon an agreed statement of facts. On this statement, two objections are presented to the appellant's right to recover: 1st. The deed of trust made by the defendants Gittings and Allnutt. 2nd. The prior attachment issued on the judgment of F. K. Howard, and laid in the hands of the garnishees.

1st. As to the deed of trust. Since the decision of the cases of *Malcolm vs. Hodges*, 8 *Md. Rep.*, 427; *Rosenberg vs. Moore*, 11 *Md. Rep.*, 376; *Barnitz vs. Rice*, 14 *Md. Rep.*, 24; and *Bridges vs. Hindes*, 16 *Md. Rep.*, 101, the law may be considered as settled in Maryland, that a deed of trust like the one before us, is void. To be free from the imputation of fraud under the statute of Elizabeth, such deeds must, on their face, convey all the property of the debtors, as well their individual estate as their partnership effects. This deed of trust professes only to convey the property held by Gittings and Allnutt, jointly as partners, without including their individual property. It is therefore inoperative and void, and presents no obstacle to the recovery by the appellant.

2nd. We have next to consider the effect of the attachment issued upon Howard's judgment. This being prior to the appellant's attachment, and it being admitted to be for a larger sum than the garnishees have in hand, must defeat the appellant's attachment, unless, for some reason, it be inoperative and void

The judgment of Howard was confessed for $8,000, and simultaneously entered for the use of certain parties, creditors of Gittings and Allnut. In the statement of facts, it was agreed "that Howard was not personally, and in his own right, a creditor of Gittings and Allnutt, but was the agent and attorney duly authorised, of the parties, for whose use his suit was entered, and that he sued and recovered judgment, and issued his attachment, for the use and benefit of said parties only, his name being used for convenience." By this we understand, that Howard was legally constituted as agent, to take the judgment in this form. These parties had executed releases in conformity with the terms of the deed, and, at the time of executing such release, were admitted to be *bona fide* creditors of Gittings and Allnutt, to the amount of $40,000, and upward.

No valid objection can be made to the judgment, on the ground that it was voluntarily confessed, and secured to the creditors, in whose favor it was rendered, a preference over the appellant and other creditors. Such preference being made *bona fide*, it was lawful for the debtors to give.

It is objected, that the suit being brought, and the judgment recovered, in the name of Howard, it is inadmissible to show by proof, *aliunde*, that the debts, which formed its consideration, were due to other parties, and that it was recovered for their use and benefit. To allow this, it is said, would be to contradict the record.

This objection, even if the appellant had the right to urge it in the face of the agreed statement, is answered by the decisions in *Harris vs. Alcock*, 10 *G. & J.*, 226, and *Groshon, Garnishee, vs. Thomas*, 20 *Md. Rep.*, 234. The judgment was a collateral security for the debts due the *cestuis que use*. But it is said, the *cestuis que use* in the judgment had ceased to be creditors, having executed releases under the deed; and that having accepted the terms of the deed, they are bound by it, and are estopped from impeaching it.

It will be observed that they are not here impeaching the deed, that is done by the appellant, who is claiming against it, and cannot therefore hold them bound by it as an estoppel. Estoppels, wherever they exist, are mutual. Nor is it true, as argued by the appellant, that the deed is valid and binding upon them, until it is declared void by a competent Court. The deed being void in law upon its face, no title passed under·it to the grantees, but "the property remained in the grantors." *Bridges & Woods vs. Hindes & Davis,* 16 *Md. Rep.,* 104.

The deed being void, the releases must fall with it; the consideration, upon which they were executed, having wholly failed, they were inoperative, and the debts remained due at the time the judgment was rendered.

We affirm the judgment of the Superior Court.

*Judgment affirmed.*

(Decided May 30th, 1865.)