(Decided 2nd June, 1880.)

---

David Gregory, *et al. vs.* John Lenning, *et al.*

*Sale of Real estate of Infants, under sections 36 and 37, of Article 16, of the Code—Who may impeach the Decree for sale—Grounds on which such Decree may be impeached—Supply of omissions of proof under sec. 113, of Article 16—The husband of the Guardian of the Infants may purchase at such Sale.*

On a bill of review filed by the heirs of deceased infants, to set aside a sale of the real estate of said infants, made in their life-time

under a decree passed upon the application of the mother of said infants, as their guardian, under sections 36 and 37, of Article 16, of the Code, it was HELD :

1st. That the infants themselves, if they were living, would have the right to impeach the decree, if proper grounds were alleged and shown for such impeachment. And any substantial cause, such as fraud in obtaining the decree, or the non-observance of those requirements prescribed by the statute to confer jurisdiction to pass the decree; or any matter that clearly showed that an improper decree had been made against them, though not obtained by fraud, collusion, or surprise, might be made the ground for impeaching the decree by original bill in the nature of a bill of review.

2nd. That the complainants as privies in blood to the deceased infant defendants in the original decree, would have the right to take advantage of, and urge as a ground of objection to the decree, any matter that would be open and available to the infants, if they were living, and taking proceedings against the decree themselves.

3rd. That it was not any mere irregularity that could be made available as ground of impeachment by such bill; nor was it matter of complaint against the decree of sale, that no day was given the infant defendants, after coming of age, to show cause against the decree.

4th. That it was only where there was want of jurisdiction in the Court to pass the decree, or there was fraud or collusion in obtaining it, in which the purchaser participated, or of which he had notice, or where proper parties were not made, that he could be affected by proceedings to reverse or vacate the decree.

5th. That although the two witnesses who testified in the original case as to the propriety of selling the land, failed to state fully facts and circumstances in support of their opinions, as required by sec. 37, of Art. 16, of the Code, that omission could form no ground for reversing and vacating the decree in this proceeding.

6th. That in a proceeding of this nature, where the Court is called upon to review a former decree for alleged errors apparent in the proceedings, it is not at liberty to go into the evidence at large, in order to establish an objection to the decree founded on the supposed mistake of the Court in its deductions from the evidence before it.

Two witnesses examined under the bill of review stated facts and reasons why the property should be sold, that applied as well to

the original application for sale, as to the application therefor under the bill of review. HELD:

That under sec. 113, of Art. 16, of the Code, providing for the supply of such testimony, the original decree could not be reversed, even if no testimony whatever had been taken in support of the allegations of the bill.

It was further HELD:

That there was no disability in the husband of the guardian of the infants to become the purchaser at the sale.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, GRASON, MILLER and ALVEY, J.

*George Hawkins Williams,* for the appellants.

*Fielder C. Slingluff,* for the appellees.

ALVEY, J., delivered the opinion of the Court.

The bill filed in this case is an original bill, in the nature of a bill of review, seeking to impeach and have vacated a decree for the sale of real estate which belonged to infant defendants, upon the ground of alleged fraud and irregularities in the proceedings upon which the decree was founded, and also to impeach and have vacated the order of ratification of the sale made under the decree, for alleged fraud in the sale itself.

The bill under which the proceedings took place, that are now sought to be impeached, was filed under Art. 16 of the Code, sec. 36, which provides that where an infant is entitled to any real or personal property, &c., the Court may, if it shall appear to be for the benefit and advantage of such infant, decree a sale thereof, if the provisions of the next succeeding sections of the same

Article of the Code be complied with. And by the next succeeding section, it is declared that no decree for sale shall pass, under the preceding section, but upon the petition of the guardian or *prochein ami* of such infant, and the appearance and answer of such infant, by guardian to be appointed by the Court, and proof by the deposition of at least two discreet and respectable witnesses, who shall state in their depositions the value and quantity of the property, and the facts and circumstances which show that it would be for the benefit and advantage of the infant that the decree for sale should be passed.

It appears that John Gregory died in 1873, intestate, and was seized of certain real estate at the time of his death; that he left two infant children as his heirs-at-law, and also a widow, Barbara Gregory, surviving him; that the widow became guardian to the two infant children, and afterwards intermarried with one John Lenning; and that shortly thereafter she filed a bill, as guardian of the infants, in the Circuit Court for Baltimore County, for the sale of the real estate, under the provisions of the Code just stated, making herself and the two children defendants. The bill alleged that it would be for the benefit and advantage of the infants that the real estate should be sold, and the proceeds invested. The infant defendants answered by guardian, and the widow also answered, admitting as true the allegations of the bill. After proof taken, a decree for sale was passed in December, 1875, and the real estate was sold thereunder, by a trustee, in February, 1876, and the sale was duly reported to and ratified by the Court. The purchaser. of the property was John Lenning, the husband of the mother and guardian of the infant defendants. The property was subsequently sold by Lenning to Michael Forrester, and the purchase money, due from Lenning, was all fully paid before the filing of the present bill. After the decree and sale, both of the infant chil-

dren died, and the present complainants claim to be their heirs-at-law, and as such entitled to impeach the proceedings under which the real estate was sold. They filed their bill against Lenning and wife, and Michael Forrester, praying that the proceedings might be reviewed, and the decree reversed and set aside, and that the sale of the real estate might be vacated and annulled.

There could be no doubt of the right of the infant defendants, if they were living, to impeach the decree, if proper grounds were alleged and shown for such impeachment. And any substantial cause, such as fraud in obtaining the decree, or the non-observance of those requirements prescribed by the statute to confer jurisdiction to pass the decree; or, indeed, as it has been said, any matter that clearly shows that an improper decree has been made against an infant, though not obtained by fraud, collusion, or surprise, may be made the ground for impeaching the decree by original bill in the nature of a bill of review. *Mitf. Eq. Pl.*, 113, 114; *Sto. Eq. Pl.*, secs. 426, 427; *Bank U. S. vs. Ritchie*, 8 *Pet.*, 128. Nor can there be any question of the right of the complainants, as privies in blood to the deceased infant defendants in the original decree, to take advantage of and urge as ground of objection to the decree, any matter that would be open and available to the infant defendants if they were living and taking proceedings against the decree themselves. *Whittingham's Case*, 8 *Co.*, 42b; *Levering vs. Heighe*, 2 *Md. Ch. Dec.*, 81, 88. It is not, however, any mere irregularity that can be made available as ground of impeachment by such bill; nor is it matter of complaint against the decree of sale that no day was given the infant defendants, after coming of age, to show cause against the decree. No purchaser under the decree could be expected to incur such hazard to his estate. *Booth vs. Rich*, 1 *Vern.*, 295; *Bennett vs. Hamill*, 2 *Sch. & Lefr.*, 566; *Mills vs. Dennis*, 3 *John. Ch.*, 367. And it

is only where there is want of jurisdiction in the Court to pass the decree, or there is fraud or collusion in obtaining it, in which the purchaser participated, or had notice thereof, or where proper parties are not made, that he can be affected by proceedings to reverse or vacate the decree. *Lloyd vs. Johnes,* 9 *Ves.,* 37, 65; *Bennett vs. Hamill, supra; Elliott vs. Knott,* 14 *Md.,* 121, 134.

In the bill filed for the sale of the real estate of the infants, there was a case stated fully within the jurisdiction of the Court, as prescribed by the statute. If the bill had been demurred to, the demurrer would have been overruled, and that is the test whether the bill presented a case within the jurisdiction of the Court. *Tomlinson vs. McKaig,* 5 *Gill,* 256. But it is alleged by the present complainants that the decree for sale was obtained by a fraudulent combination between the guardian and her husband, in order to get the title to and entire control of the land, and that the purchase by the husband was but the consummation of the scheme to despoil the infants of their property. And it is also alleged that no sufficient proof was furnished, such as was required by the statute, to justify the Court in passing the decree; that while two witnesses were examined, and gave their opinions as to the propriety of selling the land, neither of them stated facts and circumstances, as required by the statute, upon which they founded their opinions. It is upon these allegations principally that the complainants seek to reverse and have set aside the original decree of sale.

As to the first of these allegations, that is, the fraud in obtaining the decree, that must be clearly established by proof, before the propriety of the decree can be investigated. *Sto. Eq., Plead., sec.* 426, and the authorities there cited. Here all fraud and collusion is positively denied by the defendants, and there has not been a particle of proof offered to establish it. That allegation, therefore, may be laid out of the case.

Gregory, *et. al. vs.* Lenning, *et al.*

Then, as to the want of legal proof upon which to found the decree. In respect to this allegation, there was proof by two witnesses, but it seems they failed to state any special reasons for their judgment as to the propriety of selling the land. They both stated, however, the quantity and value of the land; that it was not susceptible of division, and that it would be for the benefit and advantage of the infants to have it sold. But though the witnesses failed to state fully facts and circumstances in support of their opinions, that omission can form no ground for reversing and vacating the decree on this proceeding. The sole object of the proof was to satisfy the mind of the Court as to the propriety of a decree for sale; and the nature of the property, the fact that it was not susceptible of division; that it was subject to a widow's dower; and the extreme infancy of the children, were facts before the Court, and those facts may have been deemed all sufficient, in the judgment of the witnesses, for the opinions expressed by them, as they seem to have been sufficient to satisfy the mind of the Court. But in a proceeding of this nature, where the Court is called upon to review a former decree for alleged errors apparent in the proceedings, it is not at liberty to go into the evidence at large, in order to establish an objection to the decree, founded on the supposed mistake of the Court in its deductions from the evidence before it. To establish such a principle would open the door not only to protracted and harassing litigation, but would render uncertain and unstable the most solemn decrees of the Court. *Whiting vs. Bank U. S.,* 13 *Peters,* 6; *Bennett vs. Hamill, supra.*

But even if no testimony whatever had been taken in support of the allegations of the bill, the decree, upon the testimony now before us, could not be reversed. By sec. 113 of the 16th Art. of the Code, it is expressly provided, that under any bill of review, or other proceedings

to set aside or reverse any order or decree passed in any case in which any infant or person *non compos mentis* was interested, on the ground *that no testimony was taken to prove the allegations of the bill or petition,* it shall be lawful for the person interested to supply such proof, in the same manner as the same could have been furnished under the original bill or petition. In this case, the complainants themselves have fully shown by two witnesses examined by them, that the property was not only not susceptible of division, but the witnesses state facts and reasons why it should be sold that applied as well on the original application for sale as they apply to the present application. There is, therefore, no ground of complaint against the original decree, because of the supposed legal insufficiency of proof to justify its passage.

And with respect to the attempted impeachment of the sale to Lenning, and the order of ratification thereof, we discover nothing in the case to justify the attempt. The sale was not made by the guardian to her husband, but was made by the Court, through its trustee; and there was no disability in Lenning, as seems to be supposed, to become the purchaser. The Court having properly exercised its jurisdiction in decreeing the sale, unless fraud or collusion between the trustee and the purchaser could be shown, there could be, in the present proceeding, no ground for impeaching the sale thus made by the Court; and as we have already said, there has not even been an attempt to prove any such fraud or collusion.

For the reasons we have stated the decree of the Court below must be affirmed, with costs.

*Decree affirmed.*

(Decided 3rd June, 1880.)