## PHILIP W. GREEN ET AL. *v.* CLARENCE J. GREEN ET AL.

[No. 59, October Term, 1943.]

*Decided January 13, 1944.*

572

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, MELVIN, ADAMS, and BAILEY, JJ.

*James C. L. Anderson,* with whom was *Edward P. Swiss* on the brief, for the appellants.

*M. William Adelson,* with whom was *Michael Paul Smith* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

John Green, of Baltimore County, who died in 1927, executed a will leaving the residue of his estate to his wife, Emma W. Green, in trust to pay taxes, fire insurance premiums and cost of repairs to buildings, and to pay the net income to herself for life, and after her death to divide the corpus among his children. The trust estate consisted of a farm, certain shares of stock and cash. On January 1, 1929, the widow leased the farm to Clarence J. Green, a son of the testator, for an annual rent of $700. She died on October 30, 1939. In 1942 the court assumed jurisdiction of the trust, appointed Walter R. Haile and John T. Tucker successor trustees, and authorized them to sell the farm.

On November 16, 1942, William J. Green, another son, informed the court that he had been named administrator of the life tenant's estate, and that on October 5, 1938, she had recovered a judgment against Clarence J. Green for $1,600 for rent in arrear, and prayed

that a sum sufficient to cover the amount of the judgment, interest and costs be deducted from his distributive share in his father's estate. In accordance with that request, the auditor deducted $2,029.70 from the judgment debtor's share and allowed it to the life tenant's estate. To this account Clarence J. Green and three sisters filed exceptions, which were sustained by the court on April 22, 1943. In compliance with the court's order, the auditor on May 12, 1943, filed a second account allowing $1,959.03 to the trustees for the use of the testator's seven children, and $102.67 to the life tenant's estate as interest on the judgment from the date of its rendition on October 5, 1938, to the date of her death. A few days later, however, the auditor advised the court that he believed the account was wrong; and on May 18, after obtaining the court's permission, he filed an alternate account allowing $1,949.23 to the life tenant's estate and $102.67 to the trustees. On May 25 the court, acting upon the request of Haile, one of the trustees, passed an order finally ratifying the account of May 12. On May 26 William J. Green, administrator, filed specific exceptions to the second account of May 12, while specific exceptions were filed by appellees on May 27 to the alternate account of May 18. On July 9 appellants petitioned the court to rescind the order of ratification. Appellees demurred to the petition on the ground that it was filed more than thirty days after the passage of the order. The court sustained the demurrer without leave to amend. This appeal is from the order of ratification and also from the order sustaining the demurrer to the petition to rescind.

The statute provides that final decrees and orders in the nature of final decrees are considered as enrolled from and after the expiration of thirty days from the date of the same. Code, 1939, Art. 16, Sec. 207. Ordinarily a court of equity cannot revise or revoke a decree after it is enrolled, except upon bill of review for error apparent on the face of the decree, or for newly discovered evidence, or upon original bill for fraud. But

there are three exceptions to the general rule where the procedure may be by petition: (1) where the case was not heard on its merits; (2) where the decree was entered by mistake or surprise; (3) where the circumstances satisfy the court, in the exercise of a sound discretion, that the enrollment ought to be discharged and the decree set aside. *Bailey v. Bailey,* 181 Md. 385, 30 A. 2d 249. In the pending case it was alleged by appellants that the final order of ratification was passed upon the request of Haile, attorney for appellees, without the knowledge of his co-trustee. At the time two conflicting accounts were pending in court. The fact that the court gave the auditor permission to state an alternate account indicated that the question was reopened for consideration. The two accounts raised a distinct issue before the court. Both of the trustees as well as all parties in the case had the right to assume that the court would grant a hearing before reaching a final decision. The auditor is a ministerial officer of the court required to take an oath that he will well and faithfully execute the duties of his office without favor, affection, partiality or prejudice. Code, 1939, Art. 16, Sec. 20. He is the calculator and accountant of the court, and when any calculations or statements are required, all the pleadings, exhibits and proofs are referred to him, so that he will be enabled to investigate the cause fully and put it in proper order for the action of the court. It is also clear that even after a cause has been submitted, the court has the power to allow additional evidence to be taken, although this power is not usually exercised except in cases where, from accident or inadvertence, any omissions or defects of proof have occurred which the party could have readily supplied. *German Lutheran Church v. Heise,* 44 Md. 453, 465. Under all the circumstances of the case, the co-trustee and appellants should have been given a final opportunity to be heard on the issue. Since the case was not heard on its merits, the court should have granted the petition to rescind the final order of ratification, even though the petition was filed more than thirty days after the passage of the order.

The issue in this case is whether the judgment recovered by Mrs. Green belonged to her estate or to the remaindermen. The testator stated plainly in his will that he wanted his widow to receive the net income from the estate for life, and his children to receive the corpus. As the judgment was obtained for rent for the farm, it unquestionably was income from the estate. It is undisputed that trust property passes after the trustee's death to the successor trustee. But in the absence of a provision in the will to the contrary, income accruing during the continuance of a life estate belongs to the life tenant, and at his death passes to his personal representative, if it has not otherwise been disposed of. *In re Chipman's Estate,* 235 Mich. 130, 209 N. W. 67; 31 *C. J. S., Estates,* Sec. 41. It follows that the widow in this case was entitled as the life tenant to all rents accruing from the trust estate. It is a cardinal rule of construction that the law favors the earliest vesting of estates, and the court will hold an estate to be vested whenever it can fairly do so without doing violence to the language of the will. *Tayloe v. Mosher,* 29 Md. 443, 457; *Nicodemus National Bank v. Snyder,* 178 Md. 140, 12 A. 2d 518. Consequently, the court will never hold that the testator intended that any income accruing during any portion of the life estate should accumulate for the benefit of the remaindermen, unless an indication of such intention appears expressly on the face of the will or arises from its provisions by necessary implication. *Burt v. Gill,* 89 Md. 145, 152, 42 A. 968, 970, 43 A. 177.

It is established that rents due to a life tenant at the time of his death are collectible by his personal representative. *Vawter v. Frame,* 48 Ind. App. 481, 96 N. E. 35; 31 *C. J. S., Estates,* Sec. 41. The argument was advanced by appellees that because the judgment was entered in the name of Emma W. Green, trustee under the will of John Green, deceased, it was incontrovertible and conclusive evidence that it belonged to her as trustee, and not to her personally. We cannot agree with that

contention. The Court of Appeals has held that, where a judgment is offered in evidence, the fact that someone other than the plaintiff in the judgment is beneficially entitled to claim the money for which judgment was rendered, by assignment made either before or after the rendition of the judgment, is a distinct collateral fact which is not inconsistent with the judgment and may be shown by proof. *Groshon v. Thomas,* 20 Md. 234. Similarly, in *Citizens' Fire, Marine & Life Insurance Co. v. Wallis,* 23 Md. 173, 183, the court held that where a judgment has been recovered in the name of one person, it is permissible to show by proof *aliunde* that the debts which formed its consideration were due to other persons, and that the judgment was actually recovered for their use and benefit. It is likewise clear that introduction of evidence to show the actual owner of the judgment in this case is not an attack upon the judgment, but merely an explanation to subserve the ends of justice.

The declaration upon which the judgment in question was rendered in the Superior Court of Baltimore City shows that it was recovered for rent due to the life tenant. It is true that she instituted the suit as trustee, but in truth she filed the suit for her own benefit. It would be unjust to hold that, merely because the judgment was entered in the name of the life tenant as trustee, she must therefore be deprived of her rightful property in violation of the terms of the will. Presumably the taxes and insurance premiums were paid by the life tenant. The record fails to show whether there were any costs of repairs. Of course, if appellees paid any taxes or expenses during the life tenancy, they could have presented their claim to the court.

We must, therefore, reverse the order of final ratification of May 25 and the order of July 19 sustaining the demurrer to the petition to rescind, and remand the cause for further proceedings. If appellees wish to offer evidence to show that they paid any taxes, insurance premiums or costs of repairs during the life tenancy, they

should be given an opportunity to do so, as such amounts should be deducted from the gross income. If, however, they have no further evidence to offer, the court should distribute the entire amount of the judgment, with interest and costs, to the administrator of the estate of the life tenant.

*Orders reversed and cause remanded, with costs.*