## BECK *v.* BECK

[No. 260, September Term, 1963.]

*Decided October 14, 1964.*

The cause was argued before HENDERSON, C. J., and HAMMOND, PRESCOTT, HORNEY, MARBURY, SYBERT and OPPENHEIMER, JJ.

*Fred I. Simon,* with whom were *Noah A. Hillman* and *Rouse, Morton & Beardmore* on the brief, for appellant.

*J. Hodge Smith* for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

Appeals were taken by the appellant, an alleged incompetent, from orders of the Circuit Court for Montgomery County, passed on August 9, 1963, and September 11, 1963. The order of August 9 appointed a guardian *ad litem* for the appellant, to investigate his present and past mental incompetency and alleged irregularities in the conduct of his affairs by his wife, the appellee. The order instructed the guardian to set a trial for the determination of the appellant's competency by a jury. The order of September 11 appointed the appellee committee or trustee of the appellant's person, and ordered him transferred to the Springfield State Hospital at Sykesville, pending compliance with the order of August 9.

The appellee moved to dismiss both appeals. On March 2, 1964, this Court denied the motion to dismiss without prejudice to further consideration of the appealability of each of the orders after the hearing of the appeal on the merits.

There has been litigation involving the competency of the appellant and the administration of his affairs since April, 1961. On April 7, 1961, the appellee filed a petition under Section 135, Article 16, Code (1957), alleging the incompetency of the

appellant to manage his estate and asking for her appointment as trustee of that estate. A supplemental petition was filed on April 14, 1961, alleging that arrangements were being made to have the appellant removed from Harrisburg State Hospital in Pennsylvania to the home of the appellee in Silver Spring, Maryland, and praying an order of the court to have summons served upon the appellant in the manner provided by Section 135 in cases where the alleged incompetent resides with the petitioner. Judge Anderson, sitting in the Circuit Court for Montgomery County, signed an order directing that summons be served on a Viola Morris, who resided near the appellee in Silver Spring, Maryland. It appears of record that Viola Morris was duly served, and on May 1, 1961, Judge Pugh signed a decree appointing the appellee trustee of the estate of the appellant. On June 24, 1963, the appellant filed in the Circuit Court a petition to remove the appellee as trustee of his estate and asking for a show cause order. In that petition the appellant alleged that the May 1, 1961 decree appointing the appellee as trustee of his estate was void for the reason that he had no notice of the May 1 proceedings and that the decree was procured by fraud. He also alleged certain irregularities in the management of his estate by the appellee, and asserted his competency. Following this petition, the order of August 9 was passed.

That order was clearly interlocutory in nature. It related only to the method of trying the issue of competency, and left the rights of the parties on the merits entirely adjudicated. Such an order is not appealable before there has been a final judgment. *Ex Parte Johnson,* 215 Md. 391, 138 A. 2d 347 (1958); *Moale v. Smith,* 86 Md. 683, 37 Atl. 370 (1897). It is not one of the specified interlocutory orders from which appeals are allowed by statute. Md. Rule 887; Section 7, Article 5, Code (1957). As to the order of August 9, the appellee's motion to dismiss must be granted.

The order of September 11, 1963, on the other hand, was final in nature and therefore appealable. In appointing the appellee as committee or trusteee of the appellant's person, it fixed the rights of the parties. It is true that the appellee's petition on which the order was signed states that one of the reasons

for the relief prayed is to cooperate with the court in seeking a jury determination of the appellant's sanity. The appellee argues that, while the order may be final in form, it is interlocutory in nature and does not prejudice the appellant but is only designed to expedite the jury trial as to his sanity. Irrespective of the reason for the passage of the order, however, it fundamentally affects the appellant's rights by the appointment of a custodian of his person.

The judicial appointment of a committee or trustee for the person or property of a person *non compos mentis* is expressly authorized by Section 132, Article 16, Code (1957). The history of that section and other related sections, as well as the jurisdiction of equity courts in the matter before the legislation was enacted, has been thoroughly discussed by Judge Prescott for the Court in *Matter of Easton,* 214 Md. 176, 133 A. 2d 441 (1957). Under these sections, the court, in taking certain actions for the protection of persons of unsound mind, may determine the question of mental capacity without the aid of a jury. *Matter of Easton, supra.* Jurisdiction over the person, however, is essential. The person alleged to be *non compos mentis* must have reasonable notice of the proceedings and opportunity afforded to him to contest the truth of the allegations in the petition. *Ex Parte Nicholas,* 142 Md. 601, 121 Atl. 627 (1923); *Royal Arcanum v. Nicholson,* 104 Md. 472, 65 Atl. 320 (1906). No such notice or opportunity was given the appellant before the passage of the order of September 11, 1963. That order, therefore, is inoperative and void. *Clark v. Bryan,* 16 Md. 171 (1860); *Pennoyer v. Neff,* 95 U. S. 714, 733 (1877).

The appellant also contends that the decree of May 1, 1961, appointing the appellee committee or trustee of his property, was obtained by fraud and without notice and should be declared a nullity by this Court. The validity of that decree, however, is not properly before us at this stage of the proceedings. An appeal from that decree was not filed within the time prescribed by Rule 812, Maryland Rules, but, if fraud in inducing the court to take jurisdiction and lack of notice are affirmatively proved, the decree may be set aside. *Green v. Green,* 182 Md. 571, 35 A. 2d 238 (1944); *Royal Arcanum v. Nich-*

*olson, supra; Straus v. Rost,* 67 Md. 465, 10 Atl. 74 (1887). See *Adelberg v. Stryjewski,* 200 Md. 346, 89 A. 2d 592 (1952). However, the court below has not heard testimony on the appellant's allegations nor made any final determination with respect to them. In its order of August 9, 1963, the court lists a number of pleadings filed by the appellant's counsel in which attacks are made on the validity of the decree of May 1, 1961 and actions taken with respect to the appellant's property by the trustee under that decree; but the court states: "This Court has taken no action on any of these matters and no date has been set for a hearing thereon." It is unclear from the proceedings in this case that the appellant has asked for the taking of testimony in respect of the alleged invalidity of the May 1, 1961 decree in either of the ways set forth in *Green v. Green, supra.*

One of the trustee's actions to which the appellant specifically objects is the sale of his business assets. That sale, in due course, must be reported in an account by the trustee. In exceptions to that account, when filed, the appellant can properly raise any objections with respect to the alleged irregularities. Testimony as to the alleged jurisdictional defects going to the validity of the May 1, 1961 decree can be heard in the manner set forth in *Green v. Green, supra.*

> *Appellee's motion to dismiss the appeal from the order of August 9, 1963 is granted; appellee's motion to dismiss the appeal from the order of September 11, 1963 is denied and order set aside. Case remanded for further proceedings not inconsistent with the foregoing opinion; costs of this appeal to be divided equally between appellant and appellee.*