BROTHERS *v.* TILKEN, To The Use of AMERICAN
EMPLOYERS INSURANCE COMPANY

[No. 439, September Term, 1963.]

*Decided October 14, 1964.*

The cause was argued before HENDERSON, C. J., and HAM-MOND, PRESCOTT, HORNEY and MARBURY, JJ.

*J. Seymour Sureff* for the appellant.

*William H. Engelman,* with whom was *Sol C. Berenholtz* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

This is an appeal by the defendant below from a denial of relief in a petition for a Writ of Error Coram Nobis, filed on January 20, 1964, to review the facts surrounding a judgment by default entered against her on January 29, 1959, while she was a minor (and inquisition taken thereon). Appellant attained her majority on November 29, 1959, over four years prior to her filing the petition. The single question before this Court is whether the action of the court below in denying this relief constituted reversible error.

The facts forming the basis of the dispute between the parties, briefly stated, are as follows: On December 10, 1958, suit was filed by appellee, alleging that on or about April 19, 1958, appellant was the owner of certain premises in Baltimore City, and that appellee's use plaintiff while calling at those premises for the purpose of making a collection on behalf of his employer, was caused to fall through a defective platform and was injured. Said use plaintiff filed a Workmen's Compensation claim, and proceeded against the appellant in this suit.

On December 20, 1958, the appellant was summoned and copies of the narr, notice to plead, and summons were left with her. Upon her failure to plead, a judgment by default was entered against her on January 29, 1959, at which time she was a minor, not attaining the age of twenty-one years until, as stated above, November 29, 1959. No guardian ad litem was appointed for her.

On December 13, 1961, through an attorney, appellant filed a motion to strike the judgment by default. This motion, based upon grounds not presently before this Court, raised no issue of appellant's infancy. The motion was overruled by Judge Prendergast on June 7, 1962. On September 17, 1963, a judgment on inquisition was made absolute in favor of plaintiffs below. A subsequent motion to strike the judgment was filed by appellant on January 10, 1964. This motion, which also failed to raise the question of appellant's infancy, was denied by Judge Carter on January 20, 1964.

On January 20, 1964, through her present counsel, appellant filed the petition for a Writ of Error Coram Nobis, alleging for the first time that she was an infant when the judgment by default was entered against her. On February 6, 1964, Judge Carter refused to issue the writ on the grounds that the issue of appellant's infancy could not be raised at that late date.

The thrust of appellant's argument is contained in the following statement in her brief: "that she may invoke her infancy as a defense and the failure to appoint a guardian ad litem at any time." Unfortunately for her, neither the previous cases decided by this Court nor the authorities elsewhere sustain this proposition. It will be noted that we are not dealing with a situation where there was no service of process upon the infant defendant; hence the trial court was not lacking jurisdiction in its fundamental sense. It is unquestionably true that an infant has a right, upon a showing of proper grounds, to impeach a judgment obtained against her during infancy (*Gregory v. Lenning,* 54 Md. 51, *Tiernan v. Hammond,* 41 Md. 548), but it is held, almost universally, that when the grounds for impeachment of such a judgment is merely an irregularity in its obtention, as in the case at bar, the judgment is not void, but voidable at the option of the infant. *Kemp v. Cook,* 18 Md. 130; 27 Am. Jur., *Infants,* §§ 120, 121; 43 C.J.S., *Infants,* § 108 b and d. And it is very generally held that in determining whether or not to strike out an enrolled judgment, Courts act in the exercise of quasi-equitable powers; consequently they rightfully consider all of the facts and circumstances surrounding the obtention of the judgment (*Tasea Investment Corp. v. Dale,* 222 Md. 474), and require the party applying to strike it

out to show that he or she has acted in good faith and with reasonable diligence. If the infant knowingly acquiesces in the judgment or has been guilty of laches or unreasonable delay in seeking his or her remedy, relief will be denied. *Kemp v. Cook, supra.* Cf. *Ridgely v. Barton,* 10 A. 148 (Md. unreported in Md. Reports).

The *Kemp* case is, we think, controlling here. There, a judgment was obtained against an infant in 1842 in a case where the infant had no general guardian and no guardian ad litem was appointed for him. The infant reached his majority in 1845. In 1851, the plaintiff issued a scire facias on the judgment, and the defendant, for the first time, attempted to have the judgment stricken on the ground of his minority at the time it was obtained against him. The Court held that his delay in asserting his infancy constituted laches which deprived the defendant of the right to the relief sought. Compare also the cases of *Foxwell v. Foxwell,* 122 Md. 263 and *Weisman v. Davitz,* 174 Md. 447.

In the instant case, the record clearly shows that the appellant knew at least as early as December, 1961 (at which time she was an adult), of the existence of the default judgment, and, although two motions to strike the same were filed in her behalf (one in proper person) and overruled by the court, it was not until the motion involved herein was filed on January 20, 1964, that the question of infancy was raised. We hold that this needless and extended procrastination by the appellant constituted unreasonable delay in advancing the question of her infancy, which, under the authorities cited above, is fatal to her right to obtain the relief sought.

*Order affirmed, with costs.*