## GINNAVAN *v.* SILVERSTONE

[No. 330, September Term, 1966.]

502

Decided May 2, 1967.

The cause was submitted on the brief to HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and FINAN, JJ.

Submitted by *Peter B. Turney* for appellant.

No brief and no appearance for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

This is an appeal by the committee of an incompetent from the denial of his motion to set aside a decree foreclosing the incompetent's right of redemption in property purchased by the appellee at a tax sale. The decree of foreclosure was entered *pro confesso,* no answer, plea or demurrer having been interposed on behalf of the incompetent, and no order having been passed requiring the incompetent's legal guardian or committee to appear, answer and defend for the incompetent.

The following facts are apparent on the face of the record made below. The appellee, F. B. Silverstone, filed a bill of complaint in equity in the Circuit Court for Baltimore County, alleging that she had purchased a plot of land formerly owned by George H. Ginnavan, Sr., at a public sale for non-payment of taxes. The bill prayed a decree foreclosing all rights of redemption in the lot. Service was made by publication. Counsel for Ginnavan (who was also Ginnavan's committee) filed a motion raising preliminary objections, contending that process and service should be quashed on the grounds that Ginnavan had previously been adjudicated an incompetent by the Circuit Court for Baltimore County and that process and service were not in

compliance with the rules applicable to incompetents. The record does not show any disposition of this motion.

Counsel for the appellee filed an amended complaint on January 14, 1965, and a subpoena was issued under it commanding the committee to make answer or defense within 15 days of the February return day. The complaint stated that it had come to the appellee's attention that Ginnavan was an incompetent and that Peter B. Turney had been appointed his committee. The amended complaint stated further that it was the intent of the appellee to make the committee a party defendant and that allegations of the original complaint, where appropriate, were made applicable to the committee. The bill prayed a foreclosure of all rights of redemption, a vesting of all rights in the property in the appellee and that a subpoena be issued commanding the committee to appear.

The record indicates that an equity summons, requiring answer or defense within 15 days of the February return day, 1965, and a copy of the amended complaint, were duly served on the committee. There is nothing in the record to indicate service of this summons on Ginnavan. However, a summons was served on Ginnavan on March 30, 1965, ordering answer or other defense within 15 days of the April, 1965, return day. Typed across the face of this summons was the notation "also serve competent party" but the record contains no certificate or other proof of service on the committee. On April 22, 1965, a decree of foreclosure was entered in the Circuit Court for Baltimore County, the decree noting that no answer, plea or demurrer had been interposed by Ginnavan or the committee.

On April 29, 1965, seven days after the entry of the decree, the committee filed a motion to set it aside based on lack of jurisdiction and other grounds. The grounds urged in support of the alleged lack of jurisdiction were that no order requiring the committee to answer for the incompetent had ever been entered as required by law, that a decree *pro confesso* cannot be entered against a person under a disability, that no final decree could be rendered until an answer was filed on order of court, and that the committee was given insufficient notice of the return day. In his motion, the committee also alleged that the incompetent was not in default and had a substantial and valid

defense to the amended bill of complaint, in that the published advertisement of the tax sale was fatally defective.

While the record contains no transcript of the proceedings at the hearing on the motion, it does contain the memorandum opinion of Judge Raine, dated June 22, 1966, denying the motion to set aside the decree. The opinion states that personal service was had on both the incompetent and his committee, [although, as has been noted, the committee was not served with the second summons] ordering them to answer or defend within 15 days after the April return day but that "for some unexplained reason no answer was filed on behalf of the incompetent." The opinion states further that counsel for the appellee indicated a willingness to allow the property to be redeemed but that the appellant pressed his contentions of a lack of jurisdiction. After holding the case *sub curia* to afford an opportunity for redemption, which was not offered, the court dismissed the motion to set aside the decree, stating that the decree was valid and that, as the appellant was unwilling to redeem the property, no useful purpose would be served by setting aside the decree. The court rested its decision on Code (1957), Article 81, Sec. 113, which states that if a decree of foreclosure is set aside for lack of jurisdiction, the amount required to redeem the property is the amount required by the provisions of that subtitle. This appeal from the denial of the motion was taken on behalf of the incompetent by his committee and counsel.

We are constrained to differ with the learned Chancellor in his construction of the applicable Code provisions dealing with proceedings to foreclose the right to redeem property purchased at a tax sale. The fundamental error in the decision, however, is the failure to recognize the invalidity of the decree.

In *Matter of Easton, Incompetent,* 214 Md. 176, 133 A. 2d 441 (1957), Judge Prescott (later Chief Judge), for the Court, went deeply into the history of the law concerning persons *non compos mentis* and their property. He pointed out that, subject to constitutional limitations, "the custody of the person and property of those *non compos mentis* has been so generally recognized and accepted as a legislative responsibility, both in this country and in England, that it is not susceptible to serious challenge." 214 Md. at 183. The Maryland Rules of Procedure,

within their authorized scope, are legislative in nature. Maryland Constitution, Article IV, Sec. 18A; Code (1957) Article 26, Sec. 25; *Hill v. State,* 218 Md. 120, 127, 145 A. 2d 445 (1958). Maryland Rule 205 e. 1. (the Rule) as then in effect provided as follows:

> "e. *Defendant Under Disability—Guardian — Committee.*
>
> "1. Guardian or Committee to Answer.
>
> "Upon return of process as served, or upon proof of due publication of the order of publication as against a nonresident defendant, the court shall, in the case of a person under disability, on application of the plaintiff or of any other party concerned or on its own motion, by order require the legal guardian or committee of the person under disability (if there be such guardian or committee within the jurisdiction of the court) to appear, answer and defend for such party."

The source of the Rule was a statute previously in effect. *Walker v. Wyse,* 188 Md. 461, 470, 52 A. 2d 918 (1947), and authorities therein cited.

The Rule expressly provides that upon return of process as served "the court *shall,* in the case of a person under disability" whether on application of an interested party or on its own motion, "by order require the legal guardian or committee of the person under disability * * * to appear, answer and defend for such party." [Emphasis supplied]. Ordinarily, the word "shall" is mandatory and it is presumed that the word is used in that meaning unless the context indicates otherwise. *Resnick v. Board of Elections,* 244 Md. 55, 62-63, 222 A. 2d 385 (1966); *Maryland Medical Service, Inc. v. Carver,* 238 Md. 466, 478-79, 209 A. 2d 582 (1965); and cases therein cited.

In this case, the broad policy of the law in respect of the protection of persons under a disability emphasizes the presumption that the direction of the Rule is mandatory. See *Covey v. Town of Somers,* 351 U. S. 141 (1956); *Beck v. Beck,* 236 Md. 261, 265, 203 A. 2d 900 (1964). This Court has recognized the important public interest in marketable titles resulting from tax sales. *Thomas v. Hardisty,* 217 Md. 523, 530-31,

143 A. 2d 618 (1958), and cases therein cited. But it has also held that, even though tax foreclosure proceedings are *in rem* or *quasi in rem,* the failure to comply with requirements as to notice, joinder of parties, or the proper description of property may cause the proceedings to be invalid because of lack of jurisdiction and the serious question as to due process of law thereby involved. *Thomas v. Hardisty, supra; Jannenga v. Johnson,* 243 Md. 1, 220 A. 2d 89 (1966) ; and cases therein cited. These decisions did not involve persons under legal disabilities and the application of the Rule. Their holdings are all the more applicable where, as here, defendant is an incompetent and the express direction of the Rule has been disregarded.

The Rule, like the statute which preceded it, goes to the jurisdiction of the court. Service of process upon an incompetent may well be meaningless. Service upon the incompetent's committee, if there be one, gives no assurance of itself that the committee will appear, answer and defend on behalf of the incompetent. The committee may be a layman. In the particular litigation, the interest of the committee may be in conflict with that of the incompetent. See *In re Paca,* 140 Md. 45, 116 Atl. 847 (1922). In the case before us, while the record shows that the first summons on the amended complaint was served on the committee, there is nothing to indicate service on the committee of the subsequent notice of the date by which, under the amended complaint, a defense had to be filed on behalf of the incompetent to prevent a decree *pro confesso.* We do not rest our decision on this procedural defect, but it is another example of why the requirement of the Rule must be strictly observed.

In *Jannenga,* Judge Barnes, for the Court, said, at 243 Md. 3, that, in proceedings to foreclose an equity of redemption pursuant to the statute here involved, it was the legal duty of the purchaser to give the notice provided for in Rule 105. In this case, it was the duty of the Chancellor, under the Rule, to require the committee to appear, answer and defend for the incompetent. It is unnecessary, in this case, to decide whether failure to follow the Rule made the decree voidable, at the option of the incompetent, or void. Compare *Brothers v. Tilken ex rel. American Employers Ins. Co.,* 236 Md. 267, 203 A. 2d

702 (1964) with *Thomas v. Hardisty, supra,* and *Travelers Indemnity Co. v. Nationwide Constr. Corp.,* 244 Md. 401, 410-11, 224 A. 2d 285 (1966). We assume, *arguendo,* that the decree was not void but voidable.

A motion was filed on behalf of the incompetent to set aside the decree seven days after its entry, before it was enrolled. Maryland Rule 671 a. Rule 675 c. provides that a decree *pro confesso* shall not be passed against a person under disability, but that such person shall be proceeded against according to Rule 205. Even a final decree in a foreclosure of redemption proceeding can be reopened on the ground of lack of jurisdiction or fraud in the conduct of the foreclosure proceedings. Code (1957) Article 81, Sec. 113. Here, however, the decree had not been enrolled. It was "entirely subject to the control of the court," *Bailey v. Bailey,* 181 Md. 385, 387-88, 30 A. 2d 249 (1943). "When a motion is made to set aside an unenrolled decree the trial court possesses an extremely broad power of revision and must exercise its discretion liberally 'lest technicality triumph over justice.' *Eshelman Motors v. Scheftel,* 231 Md. 300, 189 A. 2d 818 (1963). The trial court's discretion is not restricted in regard to setting aside an unenrolled decree as it is where the decree has become enrolled, after which it may then only be revised on grounds of fraud, mistake or irregularity." *Hamilton v. Hamilton,* 242 Md. 240, 243, 218 A. 2d 684 (1966). Under Rules 675 c. and 205 e. 1., this denial of the motion to set aside the decree *pro confesso* was an abuse of discretion.

As in the case of lack of service of process, the court had no permission to waive or dispense with the requirements of the Rules under the circumstances here present. See *Walker v. Wyse, supra,* at 188 Md. 470-71. In *Brothers v. Tilken, supra,* the appellant filed a petition to review the facts surrounding a judgment by default entered against her, five years before, when she was an infant. The order of the lower court denying relief was affirmed. The Court held that, while the judgment was voidable, the delay in asserting the appellant's infancy when the judgment was entered constituted laches which deprived her of the right to the relief sought. In this case, the relief was sought within a few days after the decree *pro confesso* was entered.

508

While the decree *pro confesso* should have been set aside solely for the reasons we have set forth, the Chancellor was in error in his interpretation of the statutes relating to the right of redemption. He was of the opinion that, in the event the decree was set aside, the only right of the incompetent would be to redeem the property under Article 81, Sec. 113. That section, however, only provides that: "If the final decree of the court foreclosing all rights of redemption is set aside on the ground of lack of jurisdiction, the amount required to redeem shall be the amount required by the provisions of this subtitle, and in addition thereto, the reasonable value, at the date the decree is set aside, of all improvements made on the property by the purchaser and his successors in interest." Section 109 provides that, in a suit to foreclose the right of redemption, a defendant may, by answer, "set up as a defense thereto the invalidity of the taxes or the invalidity of the proceedings to sell or the invalidity of the sale." If the decree foreclosing the right of redemption is set aside, the incompetent still has the right to assert any such defense. It is claimed, on behalf of the incompetent, that there is such a valid defense in this case, but whether or not such a defense can be established is immaterial in the posture in which this case is before us. The decree *pro confesso* should have been set aside and the incompetent's committee should have been ordered to appear, answer and defend the suit on the incompetent's behalf.

*Order reversed; costs to be paid by appellee.*